UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAIL MONIUSZKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 21-cv-01146 |
| ) | |
| v. ) | |
| ) | |
| TRUSTMARK RECOVERY SERVICES, INC. ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | Jury Demanded |

## COMPLAINT

Plaintiff, Gail Moniuszko, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm to her reputation as a result of Defendant sharing of false information regarding an alleged debt with a third party. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018).

## PARTIES

5. Plaintiff, Gail Moniuszko ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Medical-Community Care Network account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant Trustmark Recovery Services Inc. ("Trustmark") is a Indiana limited liability company. It is authorized to do business in Illinois. Its registered agent in Illinois is C T Corporation System, which can be served at 208 SO LaSalle Street, Suite 814, Chicago, Illinois 60604.

7. Trustmark is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Trustmark is a licensed collection agency in the State of Illinois.

9. According to its website, Trustmark's only business operations are the collection of charged off consumer debts. *See* https://collectionagency.info/directory/indiana-in/munster/trustmark-recovery-services/ (viewed on November 6, 2020).

10. Trustmark's principal purpose is debt collection, and it is therefore it is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Medical-Community Care Network account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay any debts and the alleged debt went into default.

13. Trustmark subsequently began collecting on the alleged debt.

14. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on September 23, 2019, sent a letter via certified mail to Trustmark indicating that Plaintiff disputed the alleged debt. (Exhibit A, Dispute Letter).

15. Trustmark received Plaintiff's dispute on September 27, 2019, signed for by M. Machnikowski.

16. Plaintiff's letter stated, in part, that the amount reported is not accurate.

17. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, 889 F.3d at 377. "There is simply no other way to interpret this language." *Id*.

18. On February 15, 2021, Trustmark communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including a balance, an account number and the date reported. (Ex. B, Redacted February Credit Report)

19. Trustmark failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debt.

20. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

21. Defendant failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to TransUnion.

22. Trustmark communicated credit information which it knew or should have known to be false, in violation of 15 U.S.C § 16923e(8), when it communicated a false balance to TransUnion and Plaintiff.

### COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

24. Trustmark failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to TransUnion.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

  A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

  B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

  C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

           By: s/Michael Wood
            One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com